UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NRRM, LLC d/b/a CARSHIELD | )<br>) Case No:<br>) |
| Plaintiff, | ) |
| v. | ) Jury Trial Demanded<br>) |
| JOHN DOE d/b/a SHIELD AUTO | )<br>) |
| Defendant. | )<br>) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE ADVERTISING**

Plaintiff NRRM, LLC d/b/a CARSHIELD states the following for its Complaint for federal and state trademark infringement, unfair competition and false advertising against Defendant John Doe d/b/a SHIELD AUTO.

## NATURE OF THE ACTION

1. CARSHIELD and SHIELD AUTO are in the same business of vehicle service contracts, which provide coverage for automobile repairs.

2. CARSHIELD is a well-known and famous seller of aftermarket vehicle service contracts. These vehicle service contracts provide protection in the event of certain vehicle repair bills.

3. CARSHIELD is the owner of multiple federal trademark registrations for its family of CARSHIELD marks, including Nos. 5092752, 513398 and 6221174. These trademark registrations together with CARSHIELD's common law rights to use CARSHIELD in connection with vehicle service contracts constitute and shall be referred to collectively as the "CARSHIELD Marks."

4860-6604-1425.1

4. CARSHIELD has continuously used the CARSHIELD Marks in commerce to administer and provide vehicle service contracts since at least as early as 2016.

5. CARSHIELD has expended considerable resources in building the CARSHIELD brand in the vehicle service contracts market through substantial use of the CARSHIELD Marks.

6. CARSHIELD owns and maintains a website at www.carshield.com that displays a CARSHIELD Mark in relation to the vehicle service contract business.

7. Through CARSHIELD's continuous and substantial use of the CARSHIELD Marks in connection with the sale of vehicle service contracts, CARSHIELD is known to be the source of selling vehicle service contracts and has achieved invaluable goodwill.

8. After CARSHIELD adopted and used its CARSHIELD Marks in commerce, Defendant SHIELD AUTO began marketing and selling vehicle service contracts at www.shield-auto.com and under the name SHIELD AUTO — a name that bears a striking similarity to the CARSHIELD Marks.

9. Defendant's use of the SHIELD AUTO name infringes the CARSHIELD Marks in the vehicle service contract industry, will cause confusion among consumers, has resulted in damages to CARSHIELD, and has diminished CARSHIELD's goodwill and reputation.

10. Further, Defendant refers to vehicle service contracts sold by them on their website as "Auto Warranty" and "Car Warranty."

11. Defendant's use of "warranty" and similar language to refer to vehicle service contracts violate various state and FTC regulations prohibiting use of the term "warranty" to refer to vehicle service contracts.

12. The vehicle service contracts sold by Defendant are not warranties.

4860-6604-1425.1

13. CARSHIELD brings this action for trademark infringement, unfair competition and false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark infringement and unfair competition under Colorado statutory and common law. CARSHIELD seeks a permanent injunction against Defendant's use of the SHIELD AUTO marks and any other designation confusingly similar to the CARSHIELD Marks. CARSHIELD also seeks an order requiring Defendant to turn over its domain name to CARSHIELD. CARSHIELD also seeks monetary damages resulting from Defendant's use of the SHIELD AUTO marks, an accounting of Defendant's profits gained from such use, CARSHIELD's attorneys' fees and costs, and punitive damages.

## PARTIES

14. Plaintiff CARSHIELD is Missouri limited liability company, with its principal place of business in St. Charles County, Missouri.

15. CARSHIELD is in the business of selling vehicle service contracts in 48 states.

16. Defendant John Does goes to great lengths to conceal who they are but they operate their competing website nationwide, including this district, under the name SHIELD AUTO.

## JURISDICTION AND VENUE

17. This action arises under 15 U.S.C. § 1125(a), as well as the common law of the state of Missouri. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claim), and 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claim).

18. This Court has personal jurisdiction over Defendant John Doe because it has marketed and sold vehicle service contracts to and solicited Missouri consumers using its website and other marketing techniques directed at Missouri using the SHIELD AUTO marks, and has provided and/or made available services to Missouri consumers in relation to Defendant's vehicle service contracts using the SHIELD AUTO marks. Further, Defendant purposefully directed its conduct toward the state of Missouri by intentionally infringing the CARSHIELD Marks. Accordingly, Defendant has specifically and purposefully directed its acts and the intended effects thereof at Missouri consumers.

19. Venue is proper in this District under 28 U.S.C. § 1391 because, among other reasons, on information and belief, Defendant has sold and marketed vehicle service contracts to residents in this District, has committed infringing acts within this District, and a substantial part of the events giving rise to these claims occurred and continues to occur in this District.

**INFRINGEMENT FACTS**

20. Defendant's use of the SHIELD AUTO is likely to cause confusion amongst consumers as to the source of the vehicle services contracts advertised and sold on the website www.shield-auto.com.

21. Defendant knowingly, willfully, intentionally, and maliciously made and continue to make use of infringing marks to exploit the commercial value of the CARSHIELD Marks and falsely suggest that Defendant's vehicle service contracts and services related thereto are CARSHIELD's, or that the contracts and related services originate from, or are sponsored, approved, or endorsed by CARSHIELD.

22. Defendant's use of the SHIELD AUTO has directly harmed CARSHIELD's business by diverting vehicle service contract sales away from CARSHIELD, potentially resulting in a loss of revenue by CARSHIELD and improperly obtained profits for Defendant.

23. Defendant's actions are likely to harm, and will continue to harm, CARSHIELD's reputation and goodwill associated with the CARSHIELD Marks, and will result in additional injury that cannot entirely be quantified or captured.

24. Additionally, throughout Defendant's website at www.shield-auto.com vehicle service contracts are referred to as "warrant[ies]".

25. The website www.shield-auto.com uses these "warranty" terms despite the fact that Defendant is not an automobile manufacturer or dealer and is thus unable to offer "warranties" as defined by federal law under the Magnuson-Moss Warranty Act. *See* 15 U.S.C. § 2301.

## COUNT I
## Infringement of Registered Marks
## (Lanham Act 15 U.S.C. § 1114)

26. CARSHIELD restates the preceding paragraphs.

27. CARSHIELD owns the aforementioned federally-registered CARSHIELD Marks.

28. Defendant's use of SHIELD AUTO is likely to cause confusion, deception, and mistake by creating a false and misleading impression that Defendant's vehicle service contracts and related services, business, and/or commercial activities originate from CARSHIELD, are associated or connected with CARSHIELD, or have the sponsorship, endorsement, or approval of CARSHIELD.

4860-6604-1425.1

29. Defendant's infringement of CARSHIELD's registered marks have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to CARSHIELD's goodwill and reputation, for which CARSHIELD has no completely adequate remedy at law.

30. Defendant's actions were and continue to be intentional, willful, and malicious acts that are meant to trade on the goodwill associated with the CARSHIELD Marks, to CARSHIELD's great and irreparable injury.

31. Defendant has caused and/or is likely to cause substantial injury to the public and to CARSHIELD, and CARSHIELD is entitled to injunctive relief and to recover Defendant's profits, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT II
**Unfair Competition/Trademark Infringement**
**(Lanham Act Section 43(a) (15 U.S.C. § 1125)**

32. CARSHIELD restates the preceding paragraphs.

33. CARSHIELD owns all rights, title, and interest in and to the CARSHIELD Marks.

34. Defendant's use of SHIELD AUTO is likely to cause confusion, deception, and mistake by creating a false and misleading impression that Defendant's vehicle service contracts and related services, business, and/or commercial activities originate from CARSHIELD, are associated or connected with CARSHIELD, or have the sponsorship, endorsement, or approval of CARSHIELD.

35. Defendant has made false representations, false descriptions, and false designations of origin of its products and services, and has infringed CARSHIELD's common

4860-6604-1425.1

law rights in the CARSHIELD Marks, in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to CARSHIELD's goodwill and reputation, for which CARSHIELD has no completely adequate remedy at law.

36. Defendant's actions were and continue to be intentional, willful, and malicious acts that are meant to trade on the goodwill associated with the CARSHIELD Marks, to CARSHIELD's great and irreparable injury.

37. Defendant has caused and/or is likely to cause substantial injury to the public and to CARSHIELD, and CARSHIELD is entitled to injunctive relief and to recover Defendant's profits, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1116, 1117, and 1125(a).

### COUNT III
### Federal False Advertising
### (Lanham Act Section 43(a) (15 U.S.C. § 1125(a))

38. CARSHIELD restates the preceding paragraphs.

39. Defendant's use of phrases such as "warranty," and the like gives the false impression that Defendant markets and offers for sale "warranties," extended protection for vehicles, or warranty-related services.

40. Defendant's advertisements and statements on its website are false, inaccurate, and misleading in material respect and has or will cause injury to the general public.

41. Defendant's conduct, as set forth above, constitutes false advertising under the Lanham Act, 15 U.S.C. § 1125.

4860-6604-1425.1

42. Defendant's false advertising, combined with its trademark infringement, has also caused injury to CARSHIELD by associating the vehicle service contracts marketed by CARSHIELD under the CARSHIELD Marks with "warranties," in violation of federal statute and FTC regulations.

## COUNT IV
### State Trademark Infringement and Unfair Competition
### (Missouri Common Law)

43. CARSHIELD restates the preceding paragraphs.

44. Defendant's use of SHIELD AUTO and confusingly similar marks, terms, and phrases is likely to cause confusion, deception, and mistake by creating a false and misleading impression that Defendant's vehicle service contracts and related services, business, and/or commercial activities originate from CARSHIELD, are associated or connected with CARSHIELD, or have the sponsorship, endorsement, or approval of CARSHIELD.

45. Defendant's use of terms such as "warranty" and "extended" in violation of various state and FTC regulations, creates unfair competition in relation to CARSHIELD, particularly given Defendant's use of a mark that is confusingly similar to the CARSHIELD Marks.

46. Defendant has caused substantial injury to the public and to CARSHIELD, and CARSHIELD is entitled to injunctive relief and to recover Defendant's profits, costs, and reasonable attorneys' fees.

47. Defendant's wrongful conduct has been willful and deliberate or recklessly indifferent to the rights of CARSHIELD, warranting an award of punitive damages under Missouri common law.

48. Defendant's use of the CARSHIELD Mark and confusingly similar marks, terms, and phrases infringes the CARSHIELD Mark, entitling CARSHIELD to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, CARSHIELD prays the Court enters judgment in its favor and award CARSHIELD relief as follows:

1. That the Court permanently restrain and enjoin Defendant and its agents from any and all further use of SHIELD AUTO, as well as from using SHIELD together with AUTO or any other marks confusingly similar to the CARSHIELD Marks;

2. That the Court permanently restrain and enjoin Defendant and its agents from any other act likely to induce the belief that any of Defendant's business, vehicle service contracts, services, or commercial activities originate from or are in any way legitimately connected with, sponsored by, or approved by CARSHIELD;

3. That the Court permanently restrain and enjoin Defendant and its agents from using the terms "warranty," "extended," or any similar phrase in connection with vehicle service contracts on any marketing, advertising, or promotional activities, including its website;

4. That the Court order Defendant to transfer the domain name www.shield-auto.com to CARSHIELD;

5. That CARSHIELD recover from Defendant all amounts, including profits received by Defendant, as a direct and proximate cause of Defendant's unlawful conduct;

4860-6604-1425.1

6. That CARSHIELD recover from Defendant increased damages based on Defendant's willfulness and/or reckless indifference to CARSHIELD's trademark rights, available under the Lanham Act and Missouri law;

7. That Defendant pays CARSHIELD's reasonable attorneys' fees, based on their willful and deliberate conduct in this exceptional case pursuant to 15 U.S.C. § 1117(a);

8. That CARSHIELD be awarded prejudgment and post-judgment interest to the extent allowed by law; and

9. That the Court grant CARSHIELD such other and further relief as the Court may deem just and proper.

## JURY DEMAND

CARSHIELD hereby demands a jury trial on all issues so triable.

Respectfully submitted,

DATED:  Feburary 16, 2023        By:    s/*Jeffrey H. Kass*
                                        Jeffrey H. Kass EDMO #60672
                                        Adam J. Agostini EDMO #72677
                                        LEWIS BRISBOIS BISGAARD & SMITH LLP
                                        1700 Lincoln Street, Suite 4000
                                        Denver, CO 80203
                                        Tel.:   303.861.7760
                                        Fax:    303.861.7767
                                        jeffrey.kass@lewisbrisbois.com
                                        adam.agostini@lewisbrisbois.com

                                        *Attorneys for Plaintiff*